IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gene E. Smith, Sr., <br> by Ida M. Clark, Guardian, <br><br> Plaintiff, <br><br> v. <br><br> Roger L. Hunt, individually; James C. Mahan, individually; Lawrence R. Leavitt, individually; Joy Garner, individually; Julie Giesbrecht, individually; Lance Wilson, individually; ATC/Vancom Inc., d/b/a ATC/Van Deraa Group, et. al.; Byron E. Thomas; James N. Foster, Jr.; and Daniel G. Fritz, <br><br> Defendants. | C.A. No.: 2:08-2068-PMD <br><br> **ORDER** |

This matter is before the court upon the recommendation of United States Magistrate Judge Robert S. Carr that Plaintiff's Complaint be dismissed without prejudice and without issuance and service of process. Plaintiff Gene E. Smith, Sr., by Ida. M. Clark, Guardian ("Plaintiff") filed timely objections.

**BACKGROUND**

Plaintiff is a resident of Nevada, and his Complaint describes him as a disabled veteran and an incompetent person. (*See* Compl. at 2.) Plaintiff's pleadings are signed on his behalf by his guardian, Ida M. Clark, and the record contains a document entitled "General Power of Attorney" that grants Clark the power to sue on Plaintiff's behalf. As Magistrate Judge Carr noted in his Report and Recommendation ("R&R"), Plaintiff brings the instant suit against three federal judges, a federal court reporter, two employees in a federal Clerk of Court's office, three private-practice attorneys, and a private corporation. (*See* Compl.) The instant lawsuit arises out of a lawsuit that

was previously filed in state court in Nevada.

Although not perfectly clear, it appears that Plaintiff sued ATC/Vancom (Vancom) in a Nevada state court for a contract violation, and the action was removed to a Nevada federal court by Defendant Vancom. Defendants Byron E. Thomas, James N. Foster, Jr., and Daniel G. Fritz were apparently attorneys in the Nevada case representing Defendant Vancom. Defendants Robert L. Hunt (Chief Judge), James C. Mahan (District Judge), and Lawrence R. Leavitt (Magistrate Judge) are identified as the judges who presided over Plaintiff's federal case. Defendant Joy Garner is identified as a court reporter, and defendant Julie Giesbrecht is identified as a Deputy Clerk. Defendant Lance Wilson, District Court Executive, is named as the supervisor of Defendant Giesbrecht.

Plaintiff indicates he was deprived of his rights and privileges by Defendants during his Nevada federal court case (hereinafter referred to as the "original federal case" or "Nevada action"). Specifically, Plaintiff states in his Complaint,

> The unlawful use of the UNITED STATES DISTRICT COURT DISTRICT OF NEVADA and its authority, by and through its agents, officers, representatives, employees, and allies . . . did cause Mr. Smith damage by the violations of fraud, negligent and fraudulent misrepresentation, falsifying documents, constitutional, and federal violations, collusion and corruption, depriving him of due process, and redress also.

(Compl. at 5.) The Complaint also states,

> By the unlawful use of the United States District Court District of Nevada and its authority, the above named defendants' acted in collusion and on their own individually at the violations of Constitutional violations [sic], fraud, falsifying documents, misrepresentation of documents, corruption, conspiring [u]nder color of law, depriving Mr. Smith of rights and privileges, afforded him by the [C]onstitution.
> . . .

(*Id*. at 5-6.)

Plaintiff's original federal case was dismissed in April of 2007, and Plaintiff alleges "this 'Notice of Appeal' was held by the District Court for two months before transmitting the appeal for filing." (*Id* at 4.) He asserts the appeal brought him "to the Appellate Court in California," which "denied and dismiss[ed] the case because Plaintiff could not afford court costs." (*Id*.) Plaintiff alleges he filed a petition for writ of certiorari to the United States Supreme Court, "where the [c]ollusion, negligent and fraudulent [m]isrepresentation[s], [f]raud, constitutional, and federal violations, falsifying documents, and [m]anifest disregard of law, and corruption continued." (*Id*.) As the Magistrate Judge indicated in his R&R, it appears Plaintiff was unsuccessful given his belief that both the Appellate Court and the Supreme Court continued the collusive and corrupt practices allegedly used by the instant Defendants in the original federal action. (*See* R&R at 4.) Plaintiff thus requests a change of venue to this court. (*See* Compl. at 3.)

As Magistrate Judge Carr noted in his R&R,

> Plaintiff alleges that Defendant Mahan failed to notify Plaintiff of at least one scheduled hearing, inappropriately denied some of Plaintiff's motions, allowed Defendants Vancom, Thomas, Foster, and Fritz to "fashion their own orders," and conducted a "Kangaroo style court" and "mock" hearings.
> In regards to Defendant Hunt, Plaintiff states this Defendant deliberately ignored an ex parte motion, which the Plaintiff directed to him. Plaintiff also states Defendant Hunt acted as an advocate for the continued violations allegedly perpetrated in the original federal case, and failed to take action regarding a judicial complaint Plaintiff filed against Defendant Mahan.
> Plaintiff indicates Defendant Leavitt was involved in the removal of Plaintiff's original federal case from state court. Plaintiff further states Defendant Leavitt allowed Plaintiff's original federal case to go "without action" for long periods of time (up to twelve (12) months). Defendant Leavitt also allegedly denied Plaintiff representation in his original federal case.
> Defendant Foster allegedly told Plaintiff that the documents he filed in the original federal case were "not going anywhere." Plaintiff believes this statement was made in an effort to "coerce, or intimidate [Plaintiff] into not filing anymore documents."
> Plaintiff complains that Defendant Garner refused to produce a transcript from the original federal case for Plaintiff, and that Defendants Giesbrecht and

3

> Wilson "held" Plaintiff's Notice of Appeal for a two month period, prior to transmitting it to the Appellate Court.
>
> Plaintiff seeks monetary damages and injunctive relief. Plaintiff also asks this Court to rule on various motions allegedly pending before the Nevada District Court, which handled Plaintiff's original federal case.

(R&R at 5-6.)

Magistrate Judge Carr issued an R&R on June 18, 2008, in which he recommended that this court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process. (*Id.* at 11.) Analyzing Plaintiff's claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), Magistrate Judge Carr first determined that Defendants Hunt, Mahan, and Leavitt are immune from suit and entitled to summary dismissal because Plaintiff's allegations against them arise from their handling of Plaintiff's original federal case, and "[a]s federal judges, . . . [they] have absolute immunity from a claim for damages arising out of their judicial actions." (R&R at 7-8.) Furthermore, Magistrate Judge Carr concluded these Defendants are protected from claims for injunctive relief. (*Id.* at 8-9.) He then determined that "[a]s Court personnel, Defendants Garner, Giesbrecht and Wilson[] are likewise protected from suit" for monetary damages. (*Id.* at 8.) He stated, "As Plaintiff's claims appear to be based on the manner in which Defendants Garner, Giesbrecht and Wilson performed official duties, these Defendants are protected from monetary damages by the doctrine of quasi-judicial immunity." (*Id.*)

Lastly, Magistrate Judge Carr concluded that Defendants Vancom, Thomas, Foster, and Fritz "are not amenable to suit under the *Bivens* doctrine." (*Id.* at 9.) He stated in his R&R,

> As an initial matter, the Defendants are a private corporation and three attorneys engaged in private practice. In order to state a cause of action under 42 U.S.C. § 1983, or the *Bivens* doctrine, a plaintiff must allege that: (1) the defendant(s) deprived him of a federal right, and (2) did so under color of state/federal law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). As Defendants are private attorneys and a private corporation, they do not act "under color of state law," and are not

4

>amenable to suit under § 1983/*Bivens*. In addition, an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel.

(*Id.* at 9-10.) Magistrate Judge Carr thus recommended dismissing Plaintiff's Complaint without prejudice. (*Id.* at 11.) Plaintiff filed timely objections to the R&R.

## **STANDARD OF REVIEW**

This court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636(b)(1). After a review of the entire record, the R&R, and Plaintiff's Objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. The court therefore adopts the R&R and fully incorporates it into this Order.

## **ANALYSIS**

Although Plaintiff's objections are difficult to understand, the court interprets them to contain two objections: (1) an objection to the denial of Plaintiff's motion for appointment of counsel, and (2) an objection to the Magistrate Judge's interpretation of Plaintiff's action as an action pursuant to § 1983 or *Bivens* when Plaintiff states that it is in fact a claim for "Fraud/Bribery/corruption etc." (Objections at 2.)

As noted, Plaintiff first objects to the fact that his motion for appointment of counsel was denied by the Magistrate Judge. (*Id.* at 1-2.) In his Objections, Ms. Clark, as his guardian, states (verbatim),

>Pursuant to Federal Rules of Civil Procedure (FRCP) Rule 17c and pursuant to 42 U.S.C. § 1915(d), (e)(1) et al seq. plaintiff petitions the Court for representation (other than myself), under these authorities, for Mr. Smith he is disabled, and incompetent without representation, I have no legal training. I can make contracts,

5

> make decision, and make settlement on his behalf as his "Court Appointed General Guardian," and I have his "power of Attorney." It would be in Mr. Smiths' best interest to have representation in these proceeding someone with legal knowledge.

(*Id.* at 1-2.) Ms. Clark further states that the denial of Plaintiff's motion for appointment of counsel "is in direct conflict with your court and law." (*Id.* at 2.)

Federal Rule of Civil Procedure 17(c) states,

> **(c) Minor or Incompetent Person.**
> **(1)** *With a Representative*. The following representatives may sue or defend on behalf of a minor or an incompetent person:
> **(A)** a general guardian;
> **(B)** a committee;
> **(C)** a conservator; or
> **(D)** a like fiduciary.
> **(2)** *Without a Representative*. A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem–or issue another appropriate order–to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c). Furthermore, Title 28, United States Code, section 1915, entitled "Proceedings in forma pauperis," contains a subsection (e) which states in part, "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).

While Plaintiff cites Rule 17(c) of the Federal Rules of Civil Procedure to support his argument that he is entitled to the appointment of counsel, that rule does not pertain to appointment of *counsel* for a minor or incompetent person. *See Hernandez v. San Diego Sheriff's Dep't*, 221 F.3d 1348, at *2 (9th Cir. 2000) (unpublished table decision) ("Appellant also argues that the district court should have appointed counsel under Federal Rule of Civil Procedure 17(c). However, Rule 17(c) pertains to appointment of a guardian ad litem to protect an incompetent person. It does not deal with appointment of counsel."); *see also McCaslin v. Radcliff*, 168 F.R.D. 249, 256 (D. Neb. 1996) (noting, under Rule 17(c), that (1) "the duties of a lawyer for a party and a guardian ad litem

for a party are different, and it is not the function of the guardian ad litem to serve as a lawyer" and (2) "a guardian ad litem is not appointed to serve as a lawyer" but is rather appointed "to act for the ward in the cause, with authority to engage counsel, file suit, and to prosecute, control and direct the litigation" (citing *Noe v. True*, 507 F.2d 9 (6th Cir. 1974))).

Furthermore, 28 U.S.C. § 1915(e) "vests the court with discretion to appoint counsel for an indigent in a civil action." *Smith v. Blackledge*, 451 F.2d 1201, 1203 (4th Cir. 1971) (citing *Bowman v. White*, 388 F.2d 756 (4th Cir. 1968)); *see also Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975) (noting that "generally speaking no right to counsel exists in § 1983 cases"). Such appointment of counsel "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975) (citing *United States v. Madden*, 352 F.2d 792 (9th Cir. 1965)).

The court concludes the Magistrate Judge properly denied Plaintiff's motion to appoint counsel. As noted above, Rule 17(c) is not a basis for seeking the appointment of counsel, and the court concludes Plaintiff has not demonstrated exceptional circumstances such that this court should exercise its discretion to appoint counsel for Plaintiff. While Ms. Clark, as Plaintiff's guardian, asserts it would be in Mr. Smith's "best interest" to be represented in these proceedings by "someone with legal knowledge," such statement could be made about most, if not all, pro se litigants. Such an assertion thus does not make this case an exceptional one. *See Fosselman v. Tilton*, No. 07-1676 IEG (WMC), 2008 WL 1734227, at *1 (S.D. Cal. Apr. 11, 2008) ("The Court agrees that any pro se litigant would be better served with the assistance of counsel. However, so long as a pro se litigant, like Plaintiff in this case, is able to articulate his claims against the relative complexity of the matter, the 'exceptional circumstances' which might *require* the appointment of counsel do not exist." (quotation marks omitted)). There is nothing particularly complex about

7

Plaintiff's case, and the fact that it would be in his "best interest" to be represented by counsel does not constitute an exceptional circumstance. Furthermore, the court concludes that Plaintiff will not be denied due process if no attorney is appointed. The court therefore agrees with the Magistrate Judge's denial of Plaintiff's motion to appoint counsel.

Plaintiff's second and last objection is to the Magistrate Judge's interpretation of Plaintiff's claim as a *Bivens* claim. According to Plaintiff, the claim is not a § 1983 or a *Bivens* claim at all but is instead a claim for "Fraud, Bribery/corruption etc." for which Defendants have no immunity. (Objections at 2.) The court need not tarry on this objection. If Plaintiff has not, as he indicates through his guardian Ms. Clark, attempted to assert a § 1983 or a *Bivens* claim, then he is attempting to assert state law claims in federal court. However, this court does not have jurisdiction over such claims. As Magistrate Judge Carr noted in the R&R,

> There is no diversity jurisdiction over this case because, according to the information provided by Plaintiff, he and all but two of the Defendants are residents of Nevada. It should also be noted that, even if the diversity statute were satisfied, it appears this Court would likely be an inappropriate venue for the action.

(R&R at 10-11 n.5.) The court concludes the Magistrate Judge's analysis is correct. In *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806), the Supreme Court of the United States held that complete diversity is required for diversity jurisdiction to exist. *See also* 28 U.S.C. § 1332. "It is well established that diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all of those on the other." *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988); *see also Athena Automotive, Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999) ("Courts have consistently interpreted § 1332 and its predecessors to require complete diversity such that the state of citizenship of each plaintiff must be different from that of each defendant."). As the Magistrate Judge noted in his R&R, complete diversity does not exist in the

case *sub judice*. The court thus does not have jurisdiction over Plaintiff's state law claims. Plaintiff's objection is without merit.

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Plaintiff's Complaint is **DISMISSED** without prejudice and without issuance and service of process.

  **AND IT IS SO ORDERED**.

*/s/ Patrick Michael Duffy*
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**September 15, 2008**

9